**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO LOPEZ GARCIA, | No. 12-70067 |
| Petitioner, | Agency No. A077-323-379 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Alfredo Lopez Garcia, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review de novo questions of law, *Padilla-Romero v. Holder,* 611 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1011, 1012 (9th Cir. 2010) (per curiam), and we deny in part and dismiss in part the petition for review.

The agency properly concluded that Lopez Garcia is ineligible for adjustment of status because of his conviction for possession of cocaine in violation of California Health & Safety Code § 11350(a).  *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (a conviction for violating any state or federal law or regulation "relating to a controlled substance," as defined in 21 U.S.C. § 802(6), renders an alien inadmissible); 8 U.S.C. § 1255(a)(2) (alien must be admissible at the time he seeks adjustment of status).

To the extent Lopez Garcia challenges his bond proceedings before the IJ, we lack jurisdiction to consider his challenge because he did not raise it in his brief before the BIA.  *See Abebe v. Mukasey,* 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (issues not argued in a petitioner's BIA appeal brief are unexhausted, and the court lacks jurisdiction to consider them).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**